UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEVCAN COSTNER,<br><br>    Plaintiff,<br><br>  v.<br><br>ROUNDY'S ILLINOIS, LLC, d/b/a<br>MARIANO'S,<br><br>    Defendant. | No. 22 CV 4049<br><br>Judge Manish S. Shah |

**ORDER**

Defendant's motion to dismiss, [12], is granted. Enter judgment and terminate civil case.

**STATEMENT**

Plaintiff Sevcan Costner worked as a People Services Manager at a Mariano's grocery store from January 2016 to June 2017. *Costner*, [1] ¶ 7.[1] On February 21, 2020, he opted into a collective action filed against Roundy's Illinois (Mariano's owner) by another former People Services Manager, James Haugen. *Haugen v. Roundy's Illinois, LLC d/b/a Mariano's*, 18-cv-07297, [59-1] at 5. Haugen alleged that Roundy's violated the Fair Labor Standards Act and state and local labor laws by misclassifying People Services Managers to make them exempt from overtime-pay requirements. *Haugen*, [38] ¶¶ 1, 4, 7–10.

The case was assigned to Judge Bucklo. In this district, courts use a two-step process to determine whether employees are sufficiently "similarly situated" for a collective action. *See Haugen v. Roundy's Illinois, LLC*, 552 F.Supp.3d 806, 808 (N.D. Ill. 2021). "At the first stage, a named plaintiff can show that the potential claimants are similarly situated by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan

---

[1] Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header placed at the top of the filings. The procedural history of this case involves three cases, including this one, *Haugen v. Roundy's Illinois, LLC d/b/a Mariano's*, 18-cv-07297 (Judge Bucklo), and *Cunningham v. Roundy's Illinois, LLC d/b/a Mariano's*, 21-cv-05368 (Judge Kendall). Each docket citation is therefore preceded by the plaintiff's name in the corresponding case, e.g., *Costner, Haugen, Cunningham*.

that violated the law." *Id.* (quotations and citation omitted). Using that standard, Judge Bucklo conditionally certified the *Haugen* class, allowing them to proceed with discovery. *Haugen*, [51].

The court's second look at certification happens after discovery. Here, its inquiry is more "stringent." *Haugen*, 552 F.Supp.3d at 808 (quoting *Camilotes v. Resurrection Health Care Corp.*, 286 F.R.D. 339, 345 (N.D. Ill. 2012)). The court considers three factors: "1) whether the plaintiffs share similar or disparate factual and employment settings; 2) whether the various affirmative defenses available to the defendant would have to be individually applied to each plaintiff; and 3) fairness and procedural concerns." *Camilotes*, 286 F.R.D. at 345 (quotations and citation omitted). On August 5, 2021, at the second step of the process, Judge Bucklo found the opt-in employees weren't sufficiently similarly situated. She therefore decertified the class and dismissed the opt-in plaintiffs. *Haugen*, [125]; *Haugen*, 552 F.Supp.3d 806.

On August 30, 2021, plaintiffs filed a motion to clarify whether the dismissal of the opt-in plaintiffs was with or without prejudice. *Haugen*, [126] ¶ 4. Plaintiffs also moved on that date to toll the statute of limitations for the decertified claims from each plaintiff's opt-in date to the date when they filed individual claims. *Haugen*, [126] ¶ 5. Judge Bucklo clarified that individual plaintiffs were dismissed without prejudice and granted the motion to toll. *Haugen*, [131]. The wording of her docket entry was as follows:

> The motion for clarification is granted to make clear that the August 5, 2021 order dismissed the opt-in plaintiffs without prejudice. The motion to toll the statute of limitations for dismissed opt-in plaintiffs is granted. Dismissed opt-in plaintiffs may re-file their claims dismissed by this court on an individual basis on or before October 4, 2021 (60 days following the court's August 5, 2021 order). *See, e.g., Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-8333 (ALC)(SN), 2017 WL 1434498, at *1 (S.D.N.Y. Apr. 19, 2017) ("In order to avoid prejudice to opt-in plaintiffs, Courts may invoke equity powers to toll the statute of limitations in FLSA collective actions after they have been decertified.").

On October 8, 2021, twenty-three of the dismissed plaintiffs filed a complaint in a new case, which was assigned to Judge Kendall. *Cunningham v. Roundy's Illinois, LLC d/b/a Mariano's*, 21-cv-05368, [1]. Plaintiffs alleged that their claims involved common questions of law and arose out of the same transaction or series of transactions (i.e., that they were properly joined under Rule 20). *See Cunningham*, [1] ¶ 5–10. Roundy's moved to sever. *Cunningham*, [11]. Judge Kendall granted the motion and said plaintiffs had 30 days to individually file amended complaints.

2

*Cunningham*, [29]. Judge Kendall kept the lead plaintiff's now-individual case, *Cunningham*, [29]; the other plaintiffs' cases were distributed across the district.[2]

Roundy's then moved to dismiss each case on the same theory: that the cases had already been dismissed with prejudice by the time plaintiffs filed jointly with Judge Kendall. Because defendant's argument to dismiss was identical in each case, plaintiff Cunningham moved to consolidate the cases before Judge Kendall. *Cunningham*, [47]. Judge Kendall didn't rule on that motion but did grant Roundy's motion to dismiss Cunningham's case. *Cunningham*, [64], [65].

Judges in nine of the other individual cases followed suit, agreeing with Judge Kendall's reasoning and dismissing the cases with prejudice. *Jackson (Powers)*, 22-cv-03922, [32]; *Milbourn*, 22-cv-03988, [25]; *Garcia*, 22-cv-04056, [25]; *Ellis, Jr.*, 22-cv-04050, [31]; *Larson*, 22-cv-04030, [29]; *Kearney*, 22-cv-04051, [30]; *Qazi*, 22-cv-04058, [29]; *Razzak*, 22-cv-03990, [29]; *Prgam*, 22-cv-04034, [29].

The parties make the same arguments here as they did in the other cases. Defendant says that October 4th was the date by which plaintiffs had to file their individual complaints in order to avoid the dismissal without prejudice converting to a dismissal with prejudice. *Costner*, [12] at 6–9; [18] at 3–7. Costner says that can't be the case because Judge Bucklo never specified that the dismissal without prejudice would convert to a dismissal with prejudice if plaintiffs didn't file by October 4th. *Costner*, [17] at 9–10. Instead, he says the October 4th date was when tolling ended and the statute of limitations resumed. *Costner*, [17] at 9–10.[3]

It doesn't matter that Judge Bucklo didn't explicitly say that the dismissal would turn into a dismissal without prejudice if plaintiffs didn't file by that date. *See*

---

[2] Judge Kendall was also randomly assigned plaintiff Juliana Fuhrmann's case. *Fuhrmann v. Roundy's Illinois LLC*, 22-cv-04035. The other cases are: *Jackson (Powers) v. Roundy's Illinois LLC*, 22-cv-03992; *Milbourn v. Roundy's Illinois LLC*, 22-cv-03988; *Garcia v. Roundy's Illinois LLC*, 22-cv-04056; *Ellis, Jr. v. Roundy's Illinois LLC*, 22-cv-04050; *Larson v. Roundy's Illinois LLC*, 22-cv-04030; *Kearney v. Roundy's Illinois LLC*, 22-cv-04051; *Razzak v. Roundy's Illinois LLC*, 22-cv-03990; *Al Ayed v. Roundy's Illinois LLC*, 22-cv-03993; *DiCiccio (Gehrig) v. Roundy's Illinois LLC*, 22-cv-04032; *Weaver v. Roundy's Illinois LLC*, 22-cv-04033; *Prgam v. Roundy's Illinois LLC*, 22-cv-04034; *Qazi v. Roundy's Illinois LLC*, 22-cv-04058.

[3] In collective actions, plaintiffs' claims are tolled starting on the date they opt into the suit and ending when the case is decertified. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1807; *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) (statute of limitations is tolled during class action); 29 U.S.C. § 256 (a collective action is commenced as to each individual plaintiff on the date they file their opt-in notice); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350, 354 (1983) (tolling period ends when class certification is denied). A court can, in its discretion, extend the tolling period to give plaintiffs time to file individual complaints—as Judge Bucklo did. *Haugen*, [131].

*Otis v. City of Chicago*, 29 F.3d 1159, 1166 (7th Cir. 1994) (en banc). There is no "magic-words approach to jurisdiction." *Id*. As Judge Kendall explained in her opinion, a case is dismissed with prejudice when a plaintiff "fail[s] to fulfill a condition precedent to reinstate a dismissed complaint within a discreet timeframe…even without formal entry of final judgment." *Cunningham*, [64] at 8; *Cunningham v. Roundy's Illinois LLC*, 2022 WL 17740421, at *4 (N.D. Ill. Dec. 16, 2022). She continued:

> Finality for purposes of an appeal occurs "[o]nce the time to satisfy the condition has expired," so the court's dismissal order becomes "'final' by any standard other than one making the entry of a Rule 58 judgment indispensable…" *Otis*, 29 F.3d at 1165. In other words, the dismissal without prejudice converts to a dismissal with prejudice by operation of law after time expires to fulfill the court's condition for reinstatement. *See id*.; *see also McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 426 (7th Cir. 2005) (affirming that case dismissed with leave to refile amended complaint within 30 days became final as a practical matter after time expired because "case [was] finished as far as the district court is concerned," converting automatically into dismissal with prejudice); *Davis v. Advocate Health Ctr. Patient Care Exp.*, 523 F.3d 681, 683 (7th Cir. 2008) ("When a judge conditionally dismisses a suit, but gives the plaintiff time to fix the problem that led to dismissal…the order becomes an appealable 'final decision' once the time for correction has expired, whether or not the court enters a final judgment.").

Costner argues that *Otis v. City of Chicago* is inapplicable. *Costner*, [17] at 12–13. Costner says *Otis* does not hold that once the time to meet the refiling deadline has expired, the court's dismissal order becomes final. *Costner*, [17] at 12–13. Instead, he says it holds that a party can "appeal from a conditional order of dismissal after the time to satisfy the condition has expired." *Costner*, [17] at 13 (quoting *Otis*, 29 F.3d at 1168). But the court in *Otis* reached that holding by adopting a line of cases that stood for the proposition that "[w]hen the condition is no longer satisfiable, the dismissal becomes one with prejudice, hence final, and thus appealable." 29 F.3d at 1164. What's more, *Davis v. Advocate Health Center Patient Care Express*, 523 F.3d 681 (7th Cir. 2008), cited by Judge Kendall above, cleared up any uncertainty *Otis* may have left.

The dismissal of Costner's complaint automatically converted to a dismissal with prejudice after he missed Judge Bucklo's October 4th deadline; res judicata therefore bars his claims. And for the reasons stated by Judge Kendall, defendant did

4

not waive its res judicata defense by not asserting it in its motion to sever. *Cunningham*, [64] at 14.

ENTER:

Date: May 2, 2023

_____
Manish S. Shah
U.S. District Judge

5